UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Arnold Parson Jr., | Civil Action No.: 4:20-cv-01222-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Marion County Sheriff Department, Sheriff Mark Richardson, Darren Miles, Judy Barker, Jack McCaskill, Mitchell McCaskill, Charlie Watson, Dewayne Rogers, Jeff Gause, Samantha Jackson, Johnathan Edwards, Robert Page, Michael Latu, Dale Sylvester, Tracey Causey, Greg Pike, County of Marion, Buddy Collins, Elista H. Smith, John Q. Atkinson Jr., Oscar Foxworth, Thomas E. Shaw, Allen W. Floyd, Milton W. Troy II, Tim Harper, Marion County Animal Control, Anderson Brothers Bank, and Danny Lee Herring, | |
| Defendants. | |

This matter is before the Court for consideration of objections to a Report and Recommendation ("R & R") entered by United States Magistrate Judge Kaymani D. West, who recommends granting Plaintiff's motion to remand.[1] *See* ECF Nos. 26 & 28.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**Discussion**

In 2017, Plaintiff filed an action in this Court pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated when Marion County law enforcement executed a state-court writ of assistance in November 2015 at his foreclosed residence and arrested him. *See Parson v. McCaskill*, No. 4:17-cv-00708-RBH (filed Mar. 3. 2017) ("*Parson I*"). The Court determined the *Rooker-Feldman*[2] doctrine barred all of Plaintiff's claims (both federal and state) *except his § 1983 excessive force claim*. *See id.* at ECF No. 114 p. 8 (finding Plaintiff's "§ 1983 excessive force claim . . . presents an independent claim that does not call into question the validity of the state court foreclosure judgment or writ of assistance"); *id.* at ECF No. 159 p. 3 (same). *Parson I* proceeded solely as to Plaintiff's

---

[2]    *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923)).

§ 1983 excessive force claim relating to his handcuffing, and the parties ultimately filed a stipulation of dismissal with prejudice of the action in February 2020. *See id.* at ECF No. 233.

In March 2020, Plaintiff commenced the instant action in state court by filing a verified complaint very similar to the operative third (and final) amended complaint filed in *Parson I*. *Compare* ECF No. 1-1, *with Parson I* at ECF No. 161. The twenty-six Marion County Defendants removed the action here.³ *See* ECF No. 1. Plaintiff then filed the instant motion to remand. *See* ECF No. 12.

The Magistrate Judge recommends granting Plaintiff's motion to remand. *See* R & R [ECF No. 26]. Specifically, the Magistrate Judge concludes the Court lacks subject matter jurisdiction over Plaintiff's *entire* complaint under the *Rooker-Feldman* doctrine. *Id.* at p. 6. The Marion County Defendants have filed objections to the R & R arguing removal "was entirely proper" because Plaintiff's complaint includes claims arising under federal law. *See* ECF No. 28 at pp. 2–3. **The Court agrees with the R & R in all regards except one—the complaint contains a § 1983 excessive force claim not barred by *Rooker-Feldman*.**

The *Rooker-Feldman* doctrine "precludes federal district courts from exercising what would be, in substance, appellate jurisdiction over final state-court judgments." *Hulsey v. Cisa*, 947 F.3d 246, 250 (4th Cir. 2020). "Courts have consistently applied the *Rooker-Feldman* doctrine to dismiss claims requesting federal district court review of a state court's eviction and foreclosure proceedings." *Burson v. Daniels*, 2016 WL 3418849, at *2 (D. Md. June 22, 2016); *see, e.g.*, *Gabriel v. Frye*, 814 F. App'x 785, 786 (4th Cir. 2020) (affirming the district court's conclusion "that it lacked subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine" "[t]o the extent [the plaintiff] sought to challenge

---

³ Consistent with the R & R, the Court uses "Marion County Defendants" to collectively refer to all defendants except Anderson Brothers Bank ("ABB") and Danny Lee Herring. *See* R & R at p. 1. Defendants ABB and Herring consented to the removal. *See* ECF No. 20.

the result of a state foreclosure action"); *Broome v. Hunter*, 409 F. App'x 666, 667 (4th Cir. 2011) (similar result).

However, "the *Rooker-Feldman* doctrine is narrow and focused," *Thana v. Bd. of License Comm'rs*, 827 F.3d 314, 319 (4th Cir. 2016), and "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "If a federal plaintiff presents an independent claim, it is not an impediment to the exercise of federal jurisdiction that the same or a related question was earlier aired between the parties in state court." *Skinner v. Switzer*, 562 U.S. 521, 532 (2011) (internal quotation marks and brackets omitted); *see, e.g.*, *Busch v. Torres*, 905 F. Supp. 766, 772 (C.D. Cal. 1995) (finding the plaintiff's Fourth Amendment "claim for use of excessive force in enforcing the writ of possession . . . does not run afoul of the *Rooker-Feldman* doctrine" (cited in *Parson I* at ECF No. 95 p. 15 n.5)). The *Rooker-Feldman* doctrine must not be confused with traditional preclusion principles. *Exxon*, 544 U.S. at 284; *Thana*, 827 F.3d at 320–23.

Here, as in *Parson I*, the *Rooker-Feldman* doctrine bars all of Plaintiff's claims *except for the § 1983 excessive force claim alleged in his instant complaint*. Specifically, the complaint alleges a violation of Plaintiff's "[F]ourth [A]mendment right to be . . . free from the unreasonable use of excessive force" and alleges Marion County law enforcement officers used "excessive force (sniper, assault rifle, 14 DEU officers in a civil process) in the detention and arrest of Plaintiff." ECF No. 1-1 at ¶¶ 106, 108; *see also id.* at ¶¶ 78, 91, 105, 116 (excessive force allegations). As explained in *Parson I*, the *Rooker-Feldman* doctrine does not bar the § 1983 excessive force claim because the claim does

not require review of the state-court foreclosure judgment and writ of assistance.[4] In fact, the Marion County Defendants have filed a motion to dismiss acknowledging the *Rooker-Feldman* doctrine bars "all of Plaintiff's federal causes of action, *except Plaintiff's cause of action for excessive force during his arrest*." ECF No. 7 at p. 13 (emphasis added).[5]

Accordingly, the Court will grant Plaintiff's motion to remand except as to his § 1983 excessive force claim and will remand all other claims to state court. *See Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 819 (7th Cir. 2010) (discussing *Rooker-Feldman*, recognizing "[f]ederal law does not permit a district judge to remand the complete litigation just because portions belong in state court," and explaining that "[i]f some parts of a single suit are within federal jurisdiction, while others are not, then the federal court must resolve the elements within federal jurisdiction and remand the rest"); *Couram v. SCDMV*, No. 3:15-cv-04870-MBS, 2016 WL 4204070, at *5 (D.S.C. Aug. 10, 2016) ("Generally, once a court has deemed the *Rooker-Feldman* doctrine to be applicable, the affected claims are dismissed. However, when a case has been removed from state court to district court, *Rooker-Feldman* dictates a remand for lack of subject matter jurisdiction rather than a dismissal." (internal citation omitted)); *Murray v. Midland Funding, LLC*, 2015 WL 3874635, at *4 (D. Md. June 23, 2015) ("It is permissible to remand, pursuant to the *Rooker-Feldman* doctrine, only the portion of a case that does not fall within the district court's original jurisdiction and to retain the balance as a federal case.").[6]

---

[4]    The complaint omits the handcuffing-related allegations made in *Parson I* but still retains a § 1983 excessive force claim.

[5]    The Marion County Defendants appear to believe dismissal—rather than remand—is appropriate for the claims barred by *Rooker-Feldman*. However, as explained herein, remand is appropriate given that this action was filed in state court and removed here.

[6]    The Court's ruling is limited solely to application of the *Rooker-Feldman* doctrine and does not negate any affirmative defenses such as the statute of limitations or preclusion principles. Defendants have filed motions to dismiss that remain pending. *See* ECF Nos. 7 & 20-1.

5

**Conclusion**

For the foregoing reasons, the Court **ADOPTS IN PART AND REJECTS IN PART** the R & R [ECF No. 26], **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to remand [ECF No. 12], and **REMANDS** all claims **except the § 1983 excessive force claim** to the Court of Common Pleas for Marion County, South Carolina.  This action will proceed solely as to Plaintiff's § 1983 excessive force claim, and the Court **RECOMMITS** this matter to the Magistrate Judge.[7]

**IT IS SO ORDERED.**

Florence, South Carolina  
September 10, 2020

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge

---

[7] Again, the instant complaint remarkably resembles the one in *Parson I*, and it is noteworthy that Plaintiff is the one seeking remand.  **If Plaintiff did not intend to reassert the § 1983 excessive force claim, he should promptly file a notice of voluntary dismissal of that claim pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) (before the Defendants answer), which would end this federal case and allow him to proceed solely in state court.**